

FILED

APR 3 0 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID LYNN WEIK,<br><br>Petitioner,<br><br>vs.<br><br>T.J. MCDERMOTT, MISSOULA COUNTY SHERIFF<br><br>Respondent. | Cause No. CV 19-79-M-DLC-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 24, 2019, Petitioner David Lynn Weik, a state prisoner proceeding pro se, filed a hand-written "Emergency Petition for Writ of Habeas Corpus." (Doc. 1.)[1] The Court presumes Mr. Weik seeks relief pursuant 28 U.S.C. § 2254.

I.  **Motion to Proceed In Forma Pauperis**

Although Weik has not paid the $5.00 filing fee or submitted a motion to proceed in forma pauperis, he did send a letter to the Court inquiring about the filing fee and advised he is indigent. (Doc. 1-1.) Because there is no reason to delay this matter, the Court will construe Weik's letter as a motion to proceed in

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

forma pauperis. The motion will be granted.

**II.    28 U.S.C. § 2254 Petition**

According to Weik, he was arrested on February 1, 2019, for an alleged probation violation filed in Montana's Fourth Judicial District, Missoula County. (Doc. 1 at 2.) Weik is being held on a $50,000 bond, which he asserts is excessive. *Id.* at 4. Weik believes there was no probable cause for his arrest and that there is no legal justification for his continued detention because he did not violate the terms of his probation. *Id.* at 1-2; 4.

On March 20, 2019, Weik was transported to the state district court for a revocation hearing. Prior to the hearing Weik had never met with his court-appointed counsel. *Id.* at 2. Weik states his attorney, despite Weik's requests, refuses to file a motion for his release. Appointed counsel has been generally non-responsive to Weik and has still not consulted with him regarding the petition. *Id.* at 3. Weik filed a complaint with the Office of the Public Defender (OPD) requesting outside counsel be appointed. *Id.* at 2-3. The OPD has been slow to process Weik's complaint; it is unclear whether or not he will receive new counsel. Additionally, Weik claims his probation officer is vengeful and has violated his right to due process. *Id.* at 4. Weik states the allegations contained in the petition to revoke filed against him are "materially misleading, false and deceptive." *Id.* at 4-5. It does not appear that Weik's revocation hearing has occurred.

Weik asks the Court to issue a writ directing the Missoula County Sheriff to bring him before this Court and direct the Respondent to show cause as to why he should not be discharged from the purportedly illegal confinement and restraint. *Id.* at 5.

### i. Analysis

As a preliminary matter, Weik is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate at this juncture for the Court to intervene in the ongoing state criminal proceedings. Moreover, under the *Younger* Abstention Doctrine, this Court may not intervene in petitioner's pending state criminal case. See, *Younger v. Harris*, 401 U.S. 37 (1971).

But Weik's petition should be dismissed because any claim he seeks to advance relative to his current custody has not yet been exhausted in the state court system. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has

3

exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Weik's state criminal proceedings are ongoing at the district court level. Additionally, it does not appear that Weik has attempted to seek habeas relief and/or any other extraordinary relief from the Montana Supreme Court. A review of the Montana Supreme Court docket does not reveal any pending actions to which Weik is a party.[2]

---

[2] See: Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/ (accessed April 29, 2019).

4

Because there are still remedies available to Weik under state law, he has not yet exhausted his available state court remedies and this Court cannot review the claim. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Weik may return to this Court if and when he fully exhausts the claim relative to his current custody with the state courts.

### ii.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Weik has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists

would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Weik's Motion for Leave to Proceed in Forma Pauperis (Doc. 1-1) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Weik may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Weik is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Mr. Weik must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 30th day of April, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge